# United States Court of Appeals
# for the Fifth Circuit

———————

No. 23-50383
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
November 30, 2023

Lyle W. Cayce
Clerk

IN THE MATTER OF FRANK W. GORDON; JUDITH B. GORDON,

*Debtors*,

JOHN PATRICK LOWE,

*Appellant*,

*versus*

FRANK W. GORDON; JUDITH B. GORDON,

*Appellees*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:22-CV-947

———————————————————

Before JONES, SMITH, and DENNIS, *Circuit Judges*.

PER CURIAM:[*]

Appellant John Patrick Lowe is the duly appointed Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of the appellees, Debtors Frank W.

———————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-50383

Gordon and Judith B. Gordon (collectively "Debtors"). After Debtors claimed the surrender value of two life-insurance policies as exempt from the bankruptcy proceedings under Texas state law, the Trustee objected to the exemption before the United States Bankruptcy Court for the Western District of Texas, which overruled his objection. The United States District Court for the Western District of Texas affirmed the bankruptcy court's ruling on appeal. For the following reasons, we AFFIRM.

## I.   FACTS AND PROCEDURAL HISTORY

Debtors filed for Title 11 Chapter 7 Bankruptcy on May 16, 2022. Under 11 U.S.C. § 522(b)(3), they elected to exempt property from their bankruptcy under Texas state law. Debtors claimed as exempt two life-insurance policies. For both policies, Frank W. Gordon is the insured, and Judith B. Gordon is the direct beneficiary. The Trustee timely objected to the exemption of the policies' cash surrender value, arguing that it could be only claimed by the "insured" or "beneficiary" of the policy, and that at the time of bankruptcy, the Debtors were merely the "owners" of the policy, and thus ineligible for exemption under Texas state law. The bankruptcy court overruled this objection, and the Trustee appealed to the district court. The district court affirmed the bankruptcy court, finding that because the life-insurance policies named the Debtors as the insured and beneficiary, the exemption was proper under Texas state law, and it need not reach the "owner" question. This appeal followed.

## II.   STANDARD OF REVIEW

Because this case is purely a question of law, we review it *de novo.* *See Matter of Hawk,* 871 F.3d 287, 290 (5th Cir. 2017) ("The '[d]etermination [of] whether an exemption from the bankruptcy estate exists is a question of law, which we review de novo.'") (quoting *In re Zibman,* 268 F.3d 298, 301 (5th Cir. 2001))).

No. 23-50383

### III.  Analysis

Generally, when debtors commence a bankruptcy, all their property becomes part of the bankruptcy estate. 11 U.S.C. § 541(a)(1) and (2). But debtors may remove property from the estate by using the exemptions described in federal or state law. 11 U.S.C. § 522(b). Here, the Debtors claimed the cash surrender value of the two life-insurance policies in question under Sections 1108.001 and 1108.051 of the Texas Insurance Code. *See* 11 U.S.C. § 522(b)(3) (state and nonbankruptcy federal exemptions).

As both parties acknowledge, the propriety of the Debtors' exemption depends on the interpretation of Texas Insurance Code §1108.051, which provides:

> (a) . . . [T]his section applies to any benefits, including the cash value and proceeds of an insurance policy, to be provided to an insured or beneficiary under:
>
> > (1) an insurance policy . . . issued by a life, health, or accident insurance company, including a mutual company or fraternal benefit society . . .
>
> (b) Notwithstanding any other provision of this code, insurance ... benefits described by Subsection (a):
>
> > (1) inure exclusively to the benefit of the person for whose use and benefit the insurance ... is designated in the policy . . .; and
>
> > (2) are fully exempt from:
> >
> > > (A) garnishment, attachment, execution, or other seizure;
> > >
> > > (B) seizure, appropriation, or application by any legal or equitable process or by operation of law to pay a debt or other liability of an insured or of a beneficiary, either before or after the benefits are provided; and

> (C) a demand in a bankruptcy proceeding of the insured or beneficiary.

Tex. Ins. Code § 1108.051.

Because the issue here depends on the interpretation of a Texas statute, we apply the same statutory analysis as a Texas court. *LaSalle Bank Nat. Ass'n v. Sleutel*, 289 F.3d 837, 839 (5th Cir. 2002). "In Texas the cardinal rule of statutory construction is to ascertain the legislature's intent, and to give effect to that intent. The duty of the court is to construe a statute as written and ascertain the legislature's intent from the language of the act." *Id.* (quoting *McNeil v. Time Ins. Co.,* 205 F.3d 179, 183 (5th Cir. 2000) (further internal quotations omitted).

Further, under longstanding Texas Supreme Court precedent, Texas "exemption laws should be liberally construed in favor of express exemptions, and should never be restricted . . . to minimize their operation . . . Without doubt the exemption would generally be resolved in favor of the claimant." *Hickman v. Hickman*, 234 S.W.2d 410, 413 (Tex. 1950); *see also Matter of Walden*, 12 F.3d 445, 448 (5th Cir. 1994) (noting that when the Fifth Circuit interprets Texas exemption laws, "we are given more than firm guidance in our interpretation by the Texas courts' longstanding admonition that exemption statutes are to be liberally construed in favor of the claimant") (internal quotations omitted).

Here, despite the Debtors' being defined as either the insured or the beneficiary of both life-insurance policies, the Trustee objected to the exemption of the cash surrender value of the policies from the bankruptcy estates. As with all objections to exemptions under bankruptcy law, "[t]he objecting party has the burden of proving the exemptions are not properly claimed." Fed. R. Bankr. P. 4003(c). He argues that the Debtors are the "owners" of the life-insurance policies' cash surrender value, not the

"insured" or "beneficiaries." Therefore, because § 1108.051 does not allow owners to claim the cash surrender value as exempt, the Debtors' claim is improper.

However, the Trustee failed to meet his burden to prove the exemptions improper. *See* Fed. R. Bankr. P. 4003(c). As the district court correctly found below, the text and legislative history of § 1108.051 support the Debtors' interpretation of the statute, not the Trustee's. The insured or beneficiary of a life-insurance policy can claim the cash surrender value of the policy as exempt under Texas Law for two reasons.

First, the plain language of the statute unambiguously provides for an exemption for "any benefits, including the cash value and proceeds of an insurance policy, to be provided to an insured or beneficiary" under a life-insurance policy. Tex. Ins. Code. § 1108.051. While the Trustee's arguments focus on the Debtors' status as the "owners" of the policy, he does not dispute that the policies themselves name Mr. Gordon as the insured and Mrs. Gordon as the beneficiary. As the Trustee helpfully noted in his brief, under Fifth Circuit precedent, "[i]n matters of statutory interpretation, text is always the alpha." *Whitlock v. Lowe*, 945 F.3d 943, 947 (5th Cir. 2019). To ignore the plain text of the statute in favor of the Trustee's interpretation would violate this core tenet. And it would certainly run contrary to the Texas Supreme Court's command that "exemption laws . . . should never be interpreted . . . to restrict their operation." *Hickman*, 234 S.W.2d at 413; *see also Walden*, 12 F.3d at 448.

Second, as the district court noted, "throughout the multiple amendments of §1108.051, 'the Insurance Code has continually reaffirmed its elemental character providing an exemption for...money or benefits of any kind...to be paid or rendered...to any beneficiary under any policy of insurance.'" *In re Gordon*, No. 1:22-CV-00947-LY, 2023 WL 3595375, at *5

(W.D. Tex. Apr. 18, 2023) (quoting *In re Young,* 166 B.R. 854, 857 (Bankr. E.D. Tex. 1994) (further internal quotations omitted)). Since the statute was first enacted in 1927, it has allowed the *insured* and *beneficiary* of a life-insurance policy to claim the policy's proceeds as exempt from bankruptcy.[1] Overruling the Debtors' exemption due to some alleged extratextual status as "owners," when the policy names them as the insured and beneficiary, would violate the legislature's clear intent. *LaSalle*, 289 F.3d at 839 ("In Texas the cardinal rule of statutory construction is to ascertain the 'legislature's intent,' and to give effect to that intent.")

Just as the district court found, we need not analyze whether the Debtors are the "owners" of the policy to uphold their exemption. The text of the statute clearly demonstrates that the Texas legislature intended to allow the insured and the beneficiaries of life-insurance policies, like the Debtors, to claim the cash surrender value of those policies as exempt.

## IV.   Conclusion

In accordance with the foregoing, we AFFIRM the district court's judgment in favor of the appellees.

---

[1] The statute provided for the exemption of life-insurance benefits to both the insured and the beneficiary upon its enactment in 1927, as Article 21.22(1) of the Texas Insurance Code. Act Approved March 30, 1927, 40th Leg., R.S., ch. 234, 1927 Tex. Gen. Laws 348 (appeared originally as Tex. Rev. Civ. Stat. art. 5068a).